# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**SENNECA KEILY FREEMAN**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:15-CR-88

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with being a felon in possession of a firearm. On November 19, 2014, police responded to a Grand Rapids address where a man was performing CPR on a female outside a house, where the man said they had obtained heroin. He said there were firearms inside, including a purple-colored handgun. The area was cordoned off until a search warrant could be obtained, and the female was taken to the hospital where she died several days later with drugs in her system. When the police entered the home, the only occupant was the defendant. A purple .38 caliber handgun was found in the attic which was filed with loose insulation. Loose insulation was also found on the hooded (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that there is no condition or combination of conditions that will assure the defendant's presence in court for further court proceedings, based on defendant's repeated failures to appear for court proceedings before various other courts, his lengthy criminal record, his numerous instances of driving an automobile knowing his license was suspended or revoked, and the strength of the present charge, coupled with the fact the defendant has been a lifelong (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 27, 2015

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **SENNECA KEILY FREEMAN**
1:15-CR-88
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

sweatshirt being worn by the defendant. Substantial evidence of drug trafficking was also found in the house, including a clear bag containing 70 smaller baggies of heroin and another drug, which was seen being dropped out of a window. Also found was a digital scale, cell phones, police scanner, etc.

Defendant has three previous felony convictions, and his record shows he has failed to appear approximately 17 times for court proceedings. He has no formal employment history, but reports he is self-employed refurbishing clothes. Defendant has never been married but has children and approximately $5,000 in child support arrearage. His whole life has been spent in the Grand Rapids area. Defendant is 35 years old and has smoked marijuana daily since he was 11.

**Part II - Written Statement of Reasons for Detention** - (continued)

drug abuser and was clearly selling hard drugs (heroin) when this offense occurred. In short, defendant has shown no inclination to follow any of his obligations under the law voluntarily.